IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, ex rel.,<br>STEVEN D. ROACH,<br><br>   Plaintiffs,<br><br>   v.<br><br>BARACK HUSSEIN OBAMA,<br>President of the United States, *et al.*,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 14-0470 (RCL)

**UNDER SEAL**

### UNITED STATES' SUGGESTION OF DISMISSAL

The United States, through its undersigned counsel, respectfully submits this suggestion

of dismissal, seeking the dismissal of this action pursuant to 31 U.S.C. § 3730(c)(2)(A) of the

False Claims Act ("FCA"), 31 U.S.C. §§ 3729-33, in the exercise of its prosecutorial discretion.

### Background

Relator, Steven Roach, filed his Complaint *pro se* under seal on or about March 21, 2014,

pursuant to the *qui tam* provisions of the FCA. *See* 31 U.S.C. § 3730. The FCA creates a cause

of action on behalf of the United States to redress harm suffered by the United States in

connection with false claims for money or property. 31 U.S.C. § 3729. The Act is the

government's primary tool for recovering money lost from the United States Treasury due to

fraud. *Avco Corp. v. U.S. Dept. of Justice*, 884 F.2d 621, 622 (D.C. Cir. 1989). Its *qui tam*

provisions permit a private person, "a relator," to file an action on behalf of the United States to

recover the United States' damages in exchange for a bounty of up to 30 percent of any eventual

recovery. 31 U.S.C. § 3729. The United States may elect to intervene in the action and assume

primary responsibility for the litigation, or it may decline to intervene, in which case the relator

may pursue the action on behalf of the United States.  31 U.S.C. §§ 3730(b)(2), (c).

The United States also retains the authority to dismiss a *qui tam* action notwithstanding

the objections of the relator.  *Id.* § 3730 (c)(2)(A) ("The Government may dismiss the action

notwithstanding the objections of the person initiating the action if the person has been notified

by the Government of the filing of the motion and the court has provided the person with an

opportunity for a hearing on the motion").

Roach alleges in his lawsuit that President Barack Obama "is not eligible to be president

of the United States of America" because he is allegedly not a natural born citizen, and therefore

the other named Defendants "exercise authority in violation of the Appointments Clause." *See*

Complaint at 6.  Roach seeks damages based on the value of numerous government

"transactions" he deems illegal as a result of these violations.  *Id.* at 13.  Roach further alleges

that Defendants have used "government resources for surveillance and to track, watch, harass

interfere, intimidate, pen register and discourage concerned citizens from pursuing the

allegations of presidential ineligibility." *Id.* at 19.  Relator's allegations lack merit.  *See*

*generally* Memorandum Ruling, *Hollister v. Soetoro*, Civ. No. 08-2254 (JR), slip op. at 1

(D.D.C. Mar. 5, 2009) (attached hereto as Exhibit A).

## Argument

The D.C. Court of Appeals has recognized that 31 U.S.C. § 3730(c)(2)(A) gives the

United States "virtually 'unfettered' discretion" to dismiss a *qui tam* suit, including, as here,

before the United States has made its election whether to intervene.  *See United States ex rel.*

*Hoyte v. American National Red Cross*, 518 F. 3d 61, 65 (D.C. Cir. 2008); *Swift v. United States*,

318 F.3d 250, 251-54 (D.C. Cir. 2003).  By affording *qui tam* relators an opportunity for a

hearing if they request one, § 3730(c)(2)(A) gives relators the chance to try to convince the United States to change its mind but gives the Court no role in second-guessing the United States' exercise of its prosecutorial discretion. *See Hoyte*, 518 F.3d at 65; *Swift*, 318 F.3d at 253. The D.C. Court of Appeals has explained: "Nothing in § 3730(c)(2)(A) purports to deprive the Executive Branch of its historical prerogative to decide which cases should go forward in the name of the United States." *Swift*, 318 F. 3d at 253. This rule has been upheld in similar cases where, as here, the *pro se* relator alleges ineligibility of the President. *See Berg v. Obama*, 383 Fed. Appx. 7 (D.C. Cir. 2010). In the exercise of its discretion, the United States has determined that this action should not proceed.

In addition, a relator may not bring a *qui tam* action on behalf of the United States *pro se* as Mr. Roach attempts here. *See, e.g., Jones v. Jindal*, 409 Fed Appx. 356 (D.C. Cir. 2011); *United States ex rel. Fisher v. Network Software Associates*, 377 F. Supp.2d 195, 196-97 (D.D.C. 2005) (dismissing *pro se* relator); *McCain v. Bank of America*, No. 13–1418(BAH), 2014 WL 334196, *8 (D.D.C. Jan 30, 2014) (same). This principle provides an independent basis to dismiss this action. Finally, a district court has no jurisdiction over a *qui tam* action against federal agencies or federal employees acting in their official capacity since such an action amounts to a suit by the United States against itself and therefore does not constitute a case or controversy. *Banks v. Lappin*, 601 F. Supp.2d 281, 285-86 (D.D.C. 2009) (holding that a *qui tam* action against the United States "fails because it presents no case or controversy over which the Court has jurisdiction"); *Juliano v. Federal Asset Disposition Ass'n*, 736 F. Supp. 348, 351-53 (D.D.C. 1990) (same).

## Conclusion

For the foregoing reasons, the United States respectfully requests that the relator be afforded an opportunity for a hearing if he so requests and this action then be dismissed.

Respectfully submitted,

STUART F. DELERY
Assistant Attorney General
Civil Division

/s/ *GP by AB*

GREGORY PEARSON
SARA MCLEAN
MICHAEL D. GRANSTON
Civil Division, Department of Justice
601 D Street, NW, Room 9022
Washington, DC 20004
(202) 307-6699, greg.pearson@usdoj.gov

RONALD C. MACHEN JR., D.C. Bar #447889
United States Attorney
for the District of Columbia

DANIEL F. VAN HORN, D.C. Bar # 924092
Chief, Civil Division

By: /s/ *Alan Burch*

ALAN BURCH, D.C. Bar # 470655
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 252-2523, alan.burch@usdoj.gov

4

## Certificate Of Service

I certify that I caused a copy of this United States' Suggestion of Dismissal to be served

on *pro se* Plaintiff by first class mail addressed to:

    Steven D. Roach
    704 Payton Drive
    Fredericksburg, VA 22405

on July 23, 2014.

                    By:   /s/   *Alan Burch*
                    ALAN BURCH, D.C. Bar # 470655
                    Assistant United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, ex rel.,<br>STEVEN D. ROACH,<br><br>    Plaintiffs,<br><br>       v.<br><br>BARACK HUSSEIN OBAMA,<br>President of the United States, *et al.*,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Civil Action No. 14-0470 (RCL)

**UNDER SEAL**

## ORDER ON THE UNITED STATES' SUGGESTION OF DISMISSAL

Good cause appearing, and the relator having had an opportunity for a hearing, pursuant

to 31 U.S.C. § 3730(c)(2)(A), it is hereby

ORDERED that this action be dismissed with prejudice to the Relator and that the seal on

this action be lifted as to all past and future filings.

SO ORDERED.

Dated: _____

_____
ROYCE C. LAMBERTH
United States District Judge

copies to:

Alan Burch
Assistant United States Attorney
555 4th Street, N.W.
Washington, D.C. 20530
(202) 307-2843

Greg Pearson
Room 9022
U.S. Department of Justice
601 D Street, N.W.
Washington, D.C.  20004

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

GREGORY S. HOLLISTER,           :
                                   :
        Plaintiff,          :
                                   :
     v.                     :  Civil Action No. 08-2254 (JR)
                                   :
BARRY SOETORO, *et al.*,       :
                                   :
        Defendants.        :

**MEMORANDUM**

This case, if it were allowed to proceed, would deserve mention in one of those books that seek to prove that the law is foolish or that America has too many lawyers with not enough to do. Even in its relatively short life the case has excited the blogosphere and the conspiracy theorists. The right thing to do is to bring it to an early end.

The plaintiff says that he is a retired Air Force colonel who continues to owe fealty to his Commander-in-Chief (because he might possibly be recalled to duty) and who is tortured by uncertainty as to whether he would have to obey orders from Barack Obama because it has not been proven -- to the colonel's satisfaction -- that Mr. Obama is a native-born American citizen, qualified under the Constitution to be President. The issue of the President's citizenship was raised, vetted, blogged, texted, twittered, and otherwise massaged by America's vigilant citizenry during Mr. Obama's two-year-campaign

for the presidency, but this plaintiff wants it resolved by a court.

The real plaintiff is probably Philip J. Berg, a lawyer who lives in Lafayette Hill, Pennsylvania, and who has pursued his crusade elsewhere, see Berg v. Obama, 574 F. Supp. 2d 509 (E.D. Pa. 2008), invoking the civil rights statutes, the Federal Election Campaign Act, the Freedom of Information Act, the Immigration and Nationality Act, and the law of promissory estoppel. That case was the subject of a scholarly opinion by a judge who took Mr. Berg's claims seriously -- and dismissed them. Mr. Hollister is apparently Mr. Berg's fallback brainstorm, essentially a straw plaintiff, one who could tee Mr. Berg's native-born issue up for decision on a new theory: If some "value" could be assigned to the "duties" the plaintiff thinks he might someday be called upon to fulfill under the Commander-in-Chief, then those "duties" could be deposited in the registry of this Court as the *res* whose distribution is to be decided by a suit in interpleader!

The filing and service of the complaint required private counsel to appear for President Obama and for Vice President Biden (whose citizenship is not challenged but who was presumably considered a necessary party in a suit seeking to unseat the President). Those counsel have moved to dismiss, asserting both that this Court has no jurisdiction (Rule

- 2 -

12(b)(1)) and that the plaintiff has stated a claim for which
relief cannot be granted (Rule 12(b)(6)).

Plaintiff having invoked both diversity and the federal
interpleader statute, 28 U.S.C. § 1355, I do have jurisdiction.
Because plaintiff's only claim invokes the interpleader statute,
however, the suit must be dismissed for failure to state a claim.

I have already called the interpleader claim
"frivolous" in two interlocutory rulings [#10 and #14], and I do
so again here. As the defendants noted in their motion to
dismiss, "interpleader allows a party exposed to multiple claims
on a single obligation or property to settle the controversy and
satisfy his obligation in one proceeding." Commercial Union Ins.
Co. v. U.S., 999 F.2d 581, 583 (D.C. Cir. 1993). It is typically
used in insurance cases where the plaintiff holds property on
behalf of another but does not know to whom among several adverse
parties the property should be transferred [#9 at 8]. Resort to
interpleader is inappropriate when it "is sought for improper or
ulterior purposes." Wright & Miller § 1707 (3d ed. 2001).

Plaintiff has not cited a single case that lends even
colorable support to the notion that his alleged "duties" can be
the "money or property" to which the interpleader statute
applies. The interpleader suits he cites are all about money or
tangible property: American Fidelity Fire Ins. Co. v.
Construcciones Werl, Inc., 407 F. Supp 164 (D. V.I. 1975) is

- 3 -

about contested HUD monies; <u>Underwriters at Lloyd's v. Nichols</u>, 363 F.2d 357 (8th Cir. 1966), is about insurance proceeds; <u>Dunbar v. United States</u>, 502 F.2d 506 (5th Cir. 1974) is about money seized from the mails.  The only interpleader case plaintiff cites that involves a "duty" is <u>Bank of Neosho v. Colcord</u>, 8 F.R.D. 621 (W.D. Mo. 1949) (Complaint, para. 12), an inapposite decision declining to strike a cross-claim for specific performance in an interpleader case that began, as interpleader cases do, with the deposit of funds.  This suit will accordingly be dismissed.

Mr. Berg and Lawrence J. Joyce, an attorney who lives in Tucson, Arizona, signed the complaint in this case.  (They have been filing electronically although they have not been admitted *pro hac vice*, <u>see</u> [#10].)  They are *agents provocateurs* -- and any attempt to sanction them for misuse of the public and private resources that have had to be devoted to this case would only give them a forum to continue their provocation.  John D. Hemenway, on the other hand, is a member of the Bar of this Court.  He may have been enlisted by Messrs. Berg and Joyce as a foot soldier in their crusade, but he is nevertheless directly responsible to this Court for the pleadings that have been filed on behalf of the plaintiff.  Because it appears that the complaint in this case may have been presented for an improper purpose such as to harass; and that the

interpleader claims and other legal contentions of plaintiff are
not warranted by existing law or by non-frivolous arguments for
extending, modifying or reversing existing law or for
establishing new law, the accompanying order of dismissal
requires Mr. Hemenway to show cause why he has not violated Rules
11(b)(1) and 11(b)(2) of the Federal Rules of Civil Procedure,
and why he should not be required to pay reasonable attorneys
fees and other expenses to counsel for the defendants.


                              JAMES ROBERTSON
                         United States District Judge