UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>ex rel., STEVEN D. ROACH,<br><br>                Plaintiff,<br><br>                v.<br><br>BARACK HUSSEIN OBAMA,<br>President of the United States, *et al.*,<br><br>                Defendants. | FILED<br>DEC 18 2014<br>Clerk, U.S. District and<br>Bankruptcy Courts<br><br>Civil No. 14-470 (RCL) |

## MEMORANDUM

Before the Court is the United States' Suggestion of Dismissal [ECF No. 11] pursuant to 31 U.S.C. § 3730(c)(2)(A). For the reasons stated below, this case will be DISMISSED.

## I. BACKGROUND

Plaintiff Steven D. Roach brings this action pursuant to the False Claims Act ("FCA"), 31 U.S.C. § 3730, which allows a private person to file an action on behalf of the United States to recover its damages for violations of 31 U.S.C. § 3729. Plaintiff's complaint alleges that President Barack Obama is not eligible to hold the office of President, and as a result, the transactions engaged in by President Obama and his appointees and nominees violate the FCA. Compl. 12–13, ECF No. 1. Plaintiff also alleges that, because President Obama is not a natural born citizen, the other named defendants "exercise authority in violation of the Appointments Clause." Compl. 6. The United States filed its Suggestion of Dismissal and plaintiff was granted a hearing to attempt to convince the United States to continue the action. The hearing was held on October 16, 2014.

## II. LEGAL STANDARD

Under the False Claims Act, the Government has "primary responsibility for prosecuting the action" and the "Government may dismiss the action notwithstanding the objections of the person initiating the action if . . . the court has provided the person with an opportunity for a hearing on the motion." 31 U.S.C. § 3730(c).

## III. DISCUSSION

Because plaintiff was provided a hearing to attempt to convince the United States to pursue the action, the United States may now dismiss the action without regard for plaintiff's objections under section 3730(c)(2)(A). After such a hearing, the government has "virtually unfettered discretion to dismiss" this type of claim. *Hoyte v. Am. Nat'l Red Cross*, 518 F.3d 61, 65 (D.C. Cir. 2008) (internal citation and quotation marks omitted). This case presents no evidence of "fraud on the court . . . to warrant departure from the usual deference [courts] owe the Government's determination whether an action should proceed in the Government's name." *Id.*; *see also Swift v. United States*, 318 F.3d 250, 253 (D.C. Cir. 2003) (noting that "fraud on the court" may be an exception). Because the United States still chooses to dismiss and section 3730(c)(2)(A) provides the United States and not this Court that discretion, *Hoyte*, 518 F.3d at 65, this case will be DISMISSED in a separate order issued this date.

Signed by Royce C. Lamberth, United States District Judge, on December 18, 2014.